**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANNIH TJONG JAP, | No. 08-73178 |
| Petitioner, | Agency No. A079-642-424 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

    Hannih Tjong Jap, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Jap did not experience harms in Indonesia amounting to past persecution. *See id.* at 1059-60; *see also Khourassany v. INS*, 208 F.3d 1096, 1100-1101 (9th Cir. 2000) (petitioner failed to establish past persecution based on harassment and forced closure of business). Substantial evidence also supports the agency's finding that Jap failed to establish it is more likely than not she will be persecuted if returned to Indonesia, because, even as a member of a disfavored group, Jap has not demonstrated the requisite individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Further, Jap has not established a pattern or practice of persecution of people similarly situated to her. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, Jap's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Jap failed to establish it is more likely than not she will be tortured if returned to Indonesia. *See id.* at 1067-68.

08-73178

Finally, we reject Jap's contention that the IJ failed to consider the country conditions materials, because she has not overcome the presumption the agency reviewed the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**